# Meyer Glitzenstein & Eubanks LLP

| | |
|---|---|
| 4115 Wisconsin Avenue, N.W., Suite 210 | 2601 S. Lemay Ave., #7-240 |
| Washington, D.C. 20016 | Fort Collins, CO 80525 |
| Telephone (202) 588-5206 | Telephone (970) 703-6060 |
| Fax (202) 588-5049 | Fax (202) 588-5049 |
| lmink@meyerglitz.com | beubanks@meyerglitz.com |

June 13, 2019

The Honorable Valerie E. Caproni
United States District Court for the
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      Re: *National Audubon Soc'y et al. v. U.S. Dep't of the Interior et al.*, 18-CV-4601 (VEC)

Dear Judge Caproni:

      I represent the Plaintiff conservation organizations in this action and submit this letter in further support of Plaintiffs' Memorandum in Opposition to the Federal Defendants' Motion to Dismiss. *See* Dkt. # 34. Last week, the U.S. Supreme Court issued a ruling in *Azar v. Allina Health Services*, 139 S. Ct. 1804 (2019), which has a bearing on Plaintiffs' claim that Federal Defendants were obligated to engage in public notice and comment proceedings before reversing decades of prior practice in their implementation of the Migratory Bird Treaty Act ("MBTA").

      Although *Allina Health Services* involved a notice and comment provision specific to the Medicare statute, in the course of holding that the government violated that provision by making a substantive policy change without prior public notice and comment, the Supreme Court made statements that are pertinent to this case. First, the Court explained that, with regard to the notice and comment obligation under the Administrative Procedure Act (at issue in this case):

> [a]gencies have never been able to avoid notice and comment simply by mislabeling their substantive pronouncements. On the contrary, courts have long looked to the *contents* of the agency's action, when deciding whether statutory notice-and-comment demands apply.

*Id*. at 1812 (citing cases). In addition, the Court stressed the value of public notice and comment, observing that it "gives affected parties fair warning of potential changes in the law and an opportunity to be heard—and it affords the agency a chance to avoid errors and make a more informed decision." *Id*. at 1816.

      These statements support Plaintiffs' argument that they have made (at the least) a plausible claim that Defendants violated the APA when they reversed course on the coverage of the MBTA without any advance public notice or comment. *See* Dkt. # 34 at 30.

Respectfully submitted,

/s/Eric R. Glitzenstein
Eric R. Glitzenstein
Meyer Glitzenstein & Eubanks LLP
4110 Wisconsin Ave., N.W., Suite 210
Washington, D.C.  20009
(202) 588-5206
eglitzenstein@meyerglitz.com

Counsel for Plaintiffs