GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:  ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

NATIONAL AUDUBON SOCIETY, *et al.*,

                      Plaintiffs,

  -against-

U.S. DEPARTMENT OF THE INTERIOR, *et al.*,

                      Defendants.

------------------------------------------------------------------------x

18 Civ. 4601 (VEC)

**ANSWER**

      Defendants United States Department of the Interior ("DOI"), United States Fish and Wildlife Service ("FWS"), and Daniel Jorjani ("Defendants"), by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiffs National Audubon Society, American Bird Conservancy, Center for Biological Diversity, and Defenders of Wildlife ("Plaintiffs"), dated May 24, 2018, as follows:

      1.      The allegations contained in the first clause of the first sentence of paragraph 1 of the complaint consist of Plaintiffs' characterization of this action, to which no response is required.  Defendants deny the allegations contained in the second clause of the first sentence, and the second and third sentences, of paragraph 1 of the complaint, except admit that the legal opinion that is the focus of this lawsuit, Opinion M-37050 (*The Migratory Bird Treaty Act Does Not Prohibit Incidental Take*) ("Opinion M-37050"), provides an interpretation of the MBTA

that is contrary to the prior practice of the DOI. The allegations contained in the fourth sentence of paragraph 1 of the complaint consist of Plaintiffs' characterization of Opinion M-37050, to which no response is required. Defendants respectfully refer the Court to Opinion M-37050 for a complete and accurate description of its contents.

2. The allegations contained in paragraph 2 of the complaint consist of Plaintiffs' characterization of the Migratory Bird Treaty Act, 16 U.S.C. § 703 ("MBTA"). Defendants admit that the quoted language is contained within the MBTA, and respectfully refer the Court to the statute for a complete and accurate description of its contents.

3. Defendants deny the allegations contained in paragraph 3 of the complaint, except aver that prior to the issuance of Opinion M-37050, the DOI and the FWS, as well as the Department of Justice ("DOJ"), interpreted the MBTA to prohibit the "incidental" taking or killing of migratory birds.

4. Defendants deny the allegations contained in the first sentence of paragraph 4 of the complaint, except aver that prior to the issuance of Opinion M-37050, the DOI and the FWS, as well as the DOJ, interpreted the MBTA to prohibit the "incidental" taking or killing of migratory birds. Defendants admit the allegations contained in the second sentence of paragraph 4 of the complaint.

5. Defendants admit the allegations contained in the first and second sentences of paragraph 5 of the complaint. Defendants deny the allegations contained in the third sentence of paragraph 5 of the complaint.

6. Defendants deny the allegations contained in paragraph 6 of the complaint, except aver that Opinion M-37050 provides an interpretation of the MBTA that is contrary to the prior practice of the DOI.

7.      The allegations contained in the first sentence of paragraph 7 of the complaint consist of Plaintiffs' characterization of Opinion M-37050, to which no response is required. Defendants respectfully refer the Court to Opinion M-37050 for a complete and accurate description of its contents. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 7 of the complaint.

8.      The allegations contained in the first and second sentences of paragraph 8 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. Defendants deny the allegations contained in the third and fourth sentences of paragraph 8 of the complaint, except admit that the FWS sent a memorandum addressed to the "Service Directorate" on April 11, 2018, and respectfully refer the Court to that memorandum for a complete and accurate description of its contents.

9.      Defendants deny the allegations contained in paragraph 9 of the complaint.

10.     The allegations contained in paragraph 10 of the complaint consist of Plaintiffs' characterization of the relief they seek through this complaint, to which no response is required.

11.     The allegations contained in paragraph 11 of the complaint consist of Plaintiffs' characterization of this action, to which no response is required.

12.     Defendants deny the allegations contained in paragraph 12 of the complaint.

13.     The allegations contained in paragraph 13 of the complaint consist of Plaintiffs' legal opinions and conclusions regarding jurisdiction and venue, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 13 of the complaint, except deny knowledge and information sufficient to form a

belief as to the truth of the allegations regarding where the National Audubon Society is incorporated and headquartered.

14. The allegations contained in paragraph 14 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21. The allegations contained in the first sentence of paragraph 21 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 21 of the complaint. Defendants deny the allegations contained in the second and third sentences of paragraph 21 of the complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and fourth sentences of paragraph 22 of the complaint. Defendants deny the allegations contained in the third sentence of paragraph 22 of the complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23 of the complaint, except admit that the referenced memorandum was sent to FWS personnel on April 11, 2018. The allegations contained in the second sentence of paragraph 23 of the complaint consist of Plaintiffs' characterization of the April 11, 2018 guidance memorandum. Defendants admit that the quoted words are contained within the guidance memorandum, and respectfully refer the Court to the guidance memorandum for a complete and accurate description of its contents. The allegations contained in the third sentence of paragraph 23 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 23 of the complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25. Defendants deny the allegations contained in paragraph 25 of the complaint.

26. Defendants admit the allegations contained in paragraph 26 of the complaint, except averse that DOJ retains prosecutorial discretion with respect to enforcement of the MBTA.

27. Defendants admit the allegations contained in paragraph 27 of the complaint.

28. Defendants admit the allegations contained in paragraph 28 of the complaint.

29. The allegations contained in the first sentence of paragraph 29 of the complaint consist of Plaintiffs' characterization of a treaty. Defendants admit that the quoted words are contained within the referenced treaty, and respectfully refer the Court to the treaty for a complete and accurate description of its contents. The allegations contained in the second sentence of paragraph 29 of the complaint consist of Plaintiffs' characterization of a judicial decision. Defendants admit that the quoted words are contained within the decision, and respectfully refer the Court to the decision for a complete and accurate description of its contents.

30. The allegations contained in paragraph 30 of the complaint consist of Plaintiffs' characterization of a treaty. Defendants admit that the quoted words are contained within the referenced treaty, and respectfully refer the Court to the treaty for a complete and accurate description of its contents.

31. The allegations contained in paragraph 31 of the complaint consist of Plaintiffs' characterization of a prior version of the MBTA. Defendants admit that the quoted words are contained within that version of the statute, and respectfully refer the Court to the statute for a complete and accurate description of its contents.

32. Defendants admit the allegations contained in paragraph 32 of the complaint.

33. Defendants admit the allegations contained in the first sentence of paragraph 33 of the complaint. The allegations contained in the second sentence of paragraph 33 of the complaint consist of Plaintiffs' characterization of a treaty. Defendants admit that the quoted words are contained within the referenced treaty, and respectfully refer the Court to the treaty for a complete and accurate description of its contents.

34. Defendants deny the allegations contained in the first paragraph of paragraph 34 of the complaint, except admit that the MBTA was amended on June 20, 1936. The remainder of the allegations contained in paragraph 34 of the complaint consist of Plaintiffs' characterization of different versions of the MBTA. Defendants admit that the quoted phrases are contained within the referenced versions of the statute, and respectfully refer the Court to the different versions of the statute for complete and accurate descriptions of their contents.

35. Defendants admit the allegations contained in the first sentence of paragraph 35 of the complaint. The allegations contained in the second sentence of paragraph 35 of the complaint consist of Plaintiffs' characterization of a treaty, to which no response is required. Defendants respectfully refer the Court to the treaty for a complete and accurate description of its contents.

36. The allegations contained in paragraph 36 of the complaint consist of Plaintiffs' characterization of the MBTA. Defendants respectfully refer the Court to the statute for a complete and accurate description of its contents.

37. Defendants admit the allegations contained in the first sentence of paragraph 37 of the complaint. The allegations contained in the second sentence of paragraph 37 of the complaint consist of Plaintiffs' characterization of a treaty, to which no response is required. Defendants respectfully refer the Court to the treaty for a complete and accurate description of its contents. Paragraph 37 of the complaint also contains a citation to, and quotation from, a document published in the *Federal Register*, to which no response is required. Defendants admit that the quoted phrase is contained within the referenced document, and respectfully refer the Court to the document for a complete and accurate description of its contents.

38. The allegations contained in paragraph 38 of the complaint consist of Plaintiffs' characterization of the MBTA. Defendants respectfully refer the Court to the statute for a complete and accurate description of its contents.

39. The allegations contained paragraph 39 of the complaint consist of Plaintiffs' characterization of a treaty. Defendants admit that the quoted phrase is contained within the referenced treaty, and respectfully refer the Court to the treaty for a complete and accurate description of its contents.

40. The allegations contained paragraph 40 of the complaint consist of Plaintiffs' characterization of a treaty, to which no response is required. Defendants respectfully refer the Court to the treaty for a complete and accurate description of its contents.

41. The allegations contained in paragraph 41 of the complaint consist of Plaintiffs' characterization of certain unspecified acts of Congress, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 41 of the complaint.

42. The allegations contained in paragraph 42 of the complaint consist of Plaintiffs' characterization of a statute, to which no response is required. Defendants respectfully refer the Court to the statute for a complete and accurate description of its contents.

43. The allegations contained in paragraph 43 of the complaint consist of Plaintiffs' characterization of statutes and a judicial decision. Defendants respectfully refer the Court to the statutes and judicial decision for complete and accurate descriptions of their contents.

44. The allegations contained in paragraph 44 of the complaint consist of Plaintiffs' characterization of a statute. Defendants admit that the quoted phrase is contained within the

statute, and respectfully refer the Court to the statute for a complete and accurate description of its contents.

45. The first, second, third, and fourth sentences of paragraph 45 of the complaint consist of Plaintiffs' characterization of the referenced statute, to which no response is required. Defendants respectfully refer the Court to the statute for a complete and accurate description of its contents. The allegations contained in the fifth sentence of paragraph 45 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

46. The allegations contained in paragraph 46 of the complaint consist of Plaintiffs' characterization of certain regulations. Defendants admit that the quoted phrases (with minor errors) are contained within the regulations, and respectfully refer the Court to the regulations for complete and accurate descriptions of their contents.

47. Defendants deny the allegations contained in paragraph 47 of the complaint, except aver that prior to the issuance of Opinion M-37050, the DOI and the FWS, as well as the DOJ, interpreted the MBTA to prohibit the "incidental" taking or killing of migratory birds.

48. Defendants admit the allegations contained in the first sentence of paragraph 48 of the complaint. The allegations contained in the second sentence of paragraph 48 of the complaint consist of Plaintiffs' characterization of several judicial decisions, to which no response is required. Defendants respectfully refer the Court to the cited decisions for complete and accurate descriptions of their contents.

49. The allegations contained in paragraph 49 of the complaint consist of Plaintiffs' characterization of a judicial decision. Defendants admit that the quoted phrases are contained in within the decision, and respectfully refer the Court to the decision for a complete and accurate description of its contents.

50. Defendants admit the allegations contained in paragraph 50 of the complaint.

51. The allegations contained in the first through fifth sentences of paragraph 51 of the complaint consist of Plaintiffs' characterization of a document. Defendants admit that the quoted phrases are contained in within the document, and respectfully refer the Court to the document for a complete and accurate description of its contents. Defendants admit the allegations contained in the sixth sentence of paragraph 51 of the complaint.

52. Defendants admit the allegations contained in the first sentence of paragraph 52 of the complaint. The allegations contained in the remainder of paragraph 52 of the complaint consist of Plaintiffs' characterization of regulations and a guidance document. Defendants admit that the quoted phrases (with minor errors) are contained within the regulations and the document, and respectfully refer the Court to the regulations and the document for complete and accurate descriptions of their contents.

53. Defendants admit the allegations contained in paragraph 53 of the complaint, except aver that multiple federal and state agencies were involved the development of the referenced guidelines.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 54 of the complaint. Defendants deny the allegations contained in the third and sixth sentences of paragraph 54 of the complaint, except aver that the FWS did convene the Wind Turbine Guidelines Advisory Committee in 2008. Defendants admit the allegations contained in the fourth and fifth sentences of paragraph 54 of the complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and third sentences of paragraph 55 of the

complaint. Defendants deny the allegations contained in the fourth sentence of paragraph 55 of the complaint, except aver that prior to the issuance of Opinion M-37050, the FWS interpreted the MBTA to prohibit the "incidental" taking or killing of migratory birds.

56. Defendants admit the allegations contained in the first sentence of paragraph 56 of the complaint. The allegations contained in the remainder of paragraph 56 of the complaint consist of Plaintiffs' characterization of a rulemaking petition, to which no response is required. Defendants respectfully refer the Court to the petition for a complete and accurate description of its contents.

57. Defendants admit the allegations contained in the first sentence of paragraph 57 of the complaint. The allegations contained in the remainder of paragraph 57 of the complaint consist of Plaintiffs' characterization of the FWS's response to a rulemaking petition. Defendants admit that the quoted phrases are contained in within the response, and respectfully refer the Court to the response for a complete and accurate description of its contents.

58. Defendants admit the allegations contained in the first sentence of paragraph 58 of the complaint. The allegations contained in the remainder of paragraph 58 of the complaint consist of Plaintiffs' characterization of a rulemaking petition, to which no response is required. Defendants respectfully refer the Court to the petition for a complete and accurate description of its contents.

59. Defendants admit the allegations contained in the first sentence of paragraph 59 of the complaint. The allegations contained in the remainder of paragraph 59 of the complaint consist of Plaintiffs' characterization of a document published in the *Federal Register*. Defendants admit that the quoted phrases are contained in within the document, and respectfully refer the Court to the document for a complete and accurate description of its contents.

60.     Defendants deny the allegations contained in the first sentence of paragraph 60 of the complaint, except admit that Opinion M-37041 was issued on January 10, 2017.  The remainder of the allegations contained in paragraph 60 of the complaint consist of Plaintiffs' characterization of Opinion M-37041.  Defendants admit that the quoted phrases (with minor errors) are contained within Opinion M-37041, and respectfully refer the Court to that document for a complete and accurate description of its contents.

61.     Defendants deny the allegations contained in paragraph 61 of the complaint, except admit that on February 6, 2017, the Acting Secretary of the Interior "suspend[ed] and temporarily withdr[e]w" four recently issued Opinions of the Solicitor "to enable agency officials appointed or designated by the President after 12 noon on January 20, 2017, to review the opinions and the underlying regulations or decisions to which they apply."

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 62 of the complaint.  The allegations contained in the second and third sentences of paragraph 62 of the complaint consist of Plaintiffs' characterization of the referenced letter.  Defendants admit that the quoted phrases are contained within the letter, and respectfully refer the Court to that letter for a complete and accurate description of its contents.  Defendants deny the allegations contained in the fourth sentence of paragraph 62 of the complaint, except admit that this communication was received by the DOI's Principal Deputy Director for the Office of Intergovernmental and External Affairs.

63.     Defendants deny the allegations contained in the first sentence of paragraph 63 of the complaint.  The allegations contained in the remainder of paragraph 63 of the complaint consist of Plaintiffs' characterization of Opinion M-37050.  Defendants admit that the quoted

language is contained within the Opinion M-37050, and respectfully refer the Court to Opinion M-37050 for a complete and accurate description of its contents.

64. The allegations contained in the first sentence of paragraph 64 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. The allegations contained in the second sentence if paragraph 64 of the complaint consist of Plaintiffs' characterization of a memorandum to FWS personnel. Defendants admit that the quoted language is contained within the memorandum, and respectfully refer the Court to the memorandum for a complete and accurate description of its contents.

65. Defendants deny the allegations contained in the first sentence of paragraph 65 of the complaint. The allegations contained in the second and third sentences of paragraph 65 of the complaint consist of Plaintiffs' characterization of the referenced letter, to which no response is required. Defendants respectfully refer the Court to the letter for a complete and accurate description of its contents.

66. Defendants deny the allegations contained in the first, second, third, fifth, and sixth sentences of paragraph 66 of the complaint. The allegations contained in the fourth sentence of paragraph 66 of the complaint consist of Plaintiffs' characterization of a document published in the *Federal Register*. Defendants admit that the quoted phrases are contained in within the document, and respectfully refer the Court to the document for a complete and accurate description of its contents.

67. Defendants deny the allegations contained in paragraph 67 of the complaint.

68. The allegations contained in paragraph 68 of the complaint consist of Plaintiffs' characterization of the April 11, 2018 FWS guidance memorandum. Defendants admit that the quoted language (with minor errors) is contained within the guidance memorandum, and

respectfully refer the Court to the guidance memorandum for a complete and accurate description of its contents.

69. The allegations contained in paragraph 69 of the complaint consist of Plaintiffs' characterization of a letter to the former Secretary of the Interior. Defendants admit that the quoted phrases (with minor errors) are contained within the January 10, 2018 letter, and respectfully refer the Court to that letter for a complete and accurate description of its contents.

70. The allegations contained in paragraph 70 of the complaint consist of Plaintiffs' characterization of a document published in the *Federal Register*. Defendants admit that the quoted phrases are contained within the document, and respectfully refer the Court to the document for a complete and accurate description of its contents.

71. Defendants deny the allegations contained in paragraph 71 of the complaint.

72. Defendants repeat and incorporate by reference each and every response set forth herein to the allegations contained in paragraphs 1 through 71 of the complaint.

73. The allegations contained in paragraph 73 of the complaint consist of Plaintiffs' characterization of the MBTA. Defendants admit that the quoted phrase is contained within the statute, and respectfully refer the Court to the statute for a complete and accurate description of its contents.

74. The allegations contained in paragraph 74 of the complaint consist of Plaintiffs' characterization of Opinion M-37050. Defendants admit that the quoted phrase is contained within Opinion M-37050, and respectfully refer the Court to Opinion M-37050 for a complete and accurate description of its contents.

75. The allegations contained in the first sentence of paragraph 75 of the complaint consist of Plaintiffs' characterization of Opinion M-37050. Defendants admit that the quoted

phrase in the citation is contained within Opinion M-37050, and respectfully refer the Court to Opinion M-37050 for a complete and accurate description of its contents. The allegations contained in the second sentence of paragraph 75 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

76. Defendant denies the allegations contained in the first sentence of paragraph 76 of the complaint. The remainder of the allegations contained in paragraph 76 of the complaint consist of Plaintiffs' characterization of the Administrative Procedure Act. Defendants admit that the quoted phrases (without emphasis) are contained within the statute, and respectfully refer the Court to the statute for a complete and accurate description of its contents.

77. Defendants deny the allegations contained in paragraph 77 of the complaint.

78. Defendants deny the allegations contained in paragraph 78 of the complaint.

79. Defendants deny the allegations contained in paragraph 79 of the complaint.

80-83. Paragraphs 80 through 83 of the complaint comprise Plaintiffs' second cause of action, which was dismissed by the Court's July 31, 2019 order. *See* 18 Civ. 4596 (VEC) Dkt. No. 53. Therefore, no response to paragraphs 80 through 83 is required. To the extent that a response is required, Defendants deny the allegations contained in paragraphs 80 through 83 of the complaint.

84. The allegations contained in paragraph 84 of the complaint consist of Plaintiffs' characterization of the National Environmental Policy Act ("NEPA") and Council on Environmental Quality ("CEQ") regulations. Defendants admit that the quoted phrases are contained within the statute and regulations, and respectfully refer the Court to the statute and regulations for complete and accurate descriptions of their contents.

85. The allegations contained in paragraph 85 of the complaint consist of Plaintiffs' characterization of certain regulations. Defendants admit that the quoted phrases (without emphasis) are contained within the regulations, and respectfully refer the Court to the regulations for complete and accurate descriptions of their contents.

86. The allegations contained in paragraph 86 of the complaint consist of Plaintiffs' characterization of certain regulations. Defendants admit that the quoted phrases are contained within the regulations, and respectfully refer the Court to the regulations for complete and accurate descriptions of their contents.

87. Defendants deny the allegations contained in the first, second, fourth, and fifth sentences of paragraph 87 of the complaint. Defendants admit the allegations contained in the third sentence of paragraph 87 of the complaint.

88-92. Paragraphs 88 through 92 of the complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all of the Plaintiffs lack standing to bring this lawsuit.

### THIRD DEFENSE

The complaint fails to identify a final agency action.

**FOURTH DEFENSE**

Defendant reserves the right to amend this answer to assert any other matter that constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
September 6, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:   */s/ Andrew E. Krause*
ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov